Simón Carlo, Petitioner, *v.* District Court of Aguadilla, Enrique S. Mestre, Judge, Respondent.

No. 1250.  Argued June 9, 1941.—Decided June 16, 1941.

890

*Enrique Báez García,* for petitioner. *Angel G. Hermida,* for intervener, plaintiff in the main suit.

Mr. Justice De Jesús delivered the opinion of the Court.

To secure the judgment that might be rendered in a suit brought by Manuel A. García Méndez against petitioner herein, Simón Carlo, claiming the amount of $2,799.85, the lower court after the bond demanded had been given, on February 21, 1941, issued the following order:

"After examining the preceding motion, the court orders the attachment of properties of the defendant of sufficient value to cover the quantities claimed, and bond must be given in the sum of $1,000, because the debt does not appear from an authentic document."

On the same day the clerk of the lower court issued the proper writ to the marshal of the District Court of Mayagüez, and by a document dated February 19, the attorneys for the plaintiff instructed the marshal "to attach every right, title, interest or participation that the defendant

Simón Carlo may have in the foundry shop 'Simón Carlo', situated in Mayagüez, Puerto Rico, with all its contents, closing the same and appointing José Pascual Ortiz as depositary.''

On March 21, 1941, the marshal executed said writ, attaching the following properties as follows:

''Every right, title, share or interest that the defendant may have in the foundry shop 'Simón Carlo' situated in Mayagüez, in Santiago Veve Street, with all the stock contained therein, closing the same, nailing down all the doors and windows with bars, in such a manner that to obtain entrance into the building, the bars will have to be removed or broken.''

Following the instructions given by plaintiff's attorney, the marshal appointed José Pascual Ortiz depositary of the attached property, and on March 24 notified the defendant of the attachment serving him with copy of the writ.

At this stage, on March 28, the plaintiff filed a sworn motion in the lower court wherein he stated to said court that after the levying of the attachment, the defendant, in violation of the same, broke into and opened the foundry shop that had been attached, entered the building and started doing business once more, making use of the objects and machinery which had been attached and paying no attention to the aforesaid order issued to secure the judgment; that the defendant was requested, by the depositary, to abandon the place, to close it, and to abstain from returning to it, which he refused, and the plaintiff states that this conduct tends to obstruct the administration of justice, to discredit the court and to prejudice him in the exercise of his action.

On the same day, March 28, the trial judge rendered an order, the executory part of which is as follows:

''Therefore, the clerk is ordered to issue a writ addressed to the marshal of the District Court of Mayagüez ordering him to execute at once the decree of this court of March 19, 1941, closing the Simón Carlo foundry shop in Mayagüez, P. R., making entrance to the same impossible, nailing down its doors and making use of all the neces-

sary force for the due enforcement of the aforesaid order; and it is also ordered that the defendant Simón Carlo, be summoned to appear before this court at ten o'clock in the morning of April 4, 1941, to state the reason why he should not be punished for contempt or for failing to obey the order of this court. The clerk of this court will issue a writ addressed to the marshal of the District Court of Mayagüez in accordance with what has been stated, and this order will be totally copied in said writ, and the marshal of the District of Mayagüez will proceed to execute it at once.''

The order aforesaid was executed on March 31, and on April 4 the defendant filed a motion for the removal of the case to the District Court of Mayagüez, because the action was a personal one and he was a resident of the District of Mayagüez. In answer to the order to show cause why he should not be punished for contempt, the defendant, by motion filed April 4, after making an exposition of the case, alleged:

"That the defendant, to prevent incurring in contempt of this Hon. Court, and to comply with the order summoning him to appear on April 4, 1941, and without prejudice to the motion for removal which has been filed, alleges the following reasons, whereby he cannot be punished for contempt to this Hon. Court:

"(A) Because since the defendant Simón Carlo has requested the removal of the instant case to the District Court of Mayagüez, which is the court of his domicile, this court has no jurisdiction over the case until the motion for removal is decided.

"(B) Because the order of this court, which it is alleged was disobeyed and which was issued on March 19, 1941, merely ordered the attachment of sufficient property of the defendant to cover the amount claimed, but in no manner whatsoever ordered that the defendant Simón Carlo be deprived of his right to freely enter his property and to continue his foundry shop business, situated in Mayagüez.

"(C) Because the order of the court dated March 28, 1941, decreeing that the business of the defendant Simón Carlo be closed, that entrance to the foundry shop be prohibited and that the doors be nailed down, by force, is a null and void order, issued without jurisdiction thereof and in violation of the laws of Puerto Rico, and said order being null and void, the defendant Simón Carlo is not

bound to fulfill it, and said nullity consists in that the procedure for attachment followed by the marshal of the District Court of Mayagüez, by petition of the defendant Manuél A. García Méndez, is contrary to the provisions of the Code of Civil Procedure, which establishes the manner in which attachments may be executed in Puerto Rico.''

The hearing set for April 4 having been heard, and the parties having consented to give the court all the time necessary to study and decide the issue, it rendered judgment on May 13, finding the defendant guilty of contempt, ordering him to pay a three-dollar fine or to go to jail one day for every dollar not paid, and costs, and also ordering the marshal to maintain in effect the order of the court as to the aforesaid attachment.

On the same day the defendant filed a pleading in the lower court wherein he gave notice to the clerk and to the plaintiff by the latter's attorneys, ''that not being satisfied . . . with the judgment . . . which finds him guilty of contempt and imposes a three-dollar fine or three days in jail . . . appeals from the judgment rendered to the Supreme Court of Puerto Rico . . . '', and three days later filed in this Court the present petition of certiorari, in which after stating the circumstances which we know, ends with the prayer that a peremptory writ of certiorari be issued annulling all the proceedings which have taken place in the case at bar.

The writ was issued and at the hearing only the attorneys for the defendant in the main suit were present, and they argued, orally and in writing.

The petitioner had filed his brief on June 6, 1941, and in it he maintains that the proceedings followed by the marshal of the District Court of Mayagüez in attaching the stock of the ''Simón Carlo'' business, closing it and forbidding the entrance therein to the defendant are null and void and that the order of the lower court which ordered that said place be closed and which forbade the petitioner to enter his foundry shop is also null and void.

■ Section 1 of The Act to Secure the Effectiveness of Judgments grants to every one who brings a suit to obtain the fulfillment of an obligation, the right to obtain from the court which tries the case, an order to secure the effectiveness of the judgment that may be rendered in case the plaintiff should win the suit, and Section 2 (*b*) of the same Act provides that if the obligation be, as in this case, to pay a sum of money, said security shall consist in the attachment of property of the debtor of sufficient value to cover the amounts collected.

. ■ The original order of February 21, merely provided for the attachment of property of the defendant of sufficient value to cover the amounts claimed in the complaint, that is, $2,799.85, interest, costs and attorney's fees, and in so doing, the trial judge did not err, because according to the rule laid down by this Court, he was not bound to specify the properties upon which the attachment should be levied. *Clausells* v. *Salas*, 50 P.R.R. 530. It is the plaintiff who generally tells the marshal what properties should be attached and if said officer attaches more property than is necessary to secure the amounts claimed, the defendant may request the court to restrict the attachment to the amount necessary for the stated purpose, without prejudice of claiming damages if any have been caused to him by said act.

The record does not show how much the attached property is worth, but although it were proven that its value exceeds the amount necessary to secure the sums claimed in the complaint, that fact alone would not render null the acts of the marshal but would merely give to the defendant, we again say, the right to obtain the reduction of the attachment and to recover any damages which may have been caused to him. *People* v. *Berríos*, 43 P.R.R. 536; *National City Bank of N. Y.* v. *De la Torre*, 45 P.R.R. 609.

■■ The petitioner argues that the clerk of the lower court, without specific order of the judge to that effect, lacked the authority to issue a writ of attachment directly addressed

to the marshal of the District Court of Mayagüez. He cites no authority to uphold his contention and we have been unable to find any. On the contrary, General Order No. 100, dated April 30, 1900, which is still in force, as was held in *Ochoa Fertilizer Co. v. Registrar*, 43 P.R.R. 600, and *López v. Martínez Hnos. & Co., S. en C.*, 45 P.R.R. 516, provides:

"Upon the recommendation of the judicial board the following is hereby ordered:

"I. The courts of justice shall communicate directly with each other, without the subordination of inferior to superior courts, established by article 287 of the law of civil procedure.

"II. The courts of justice may also communicate directly with any register of property, *or any other office*, for the execution of the judicial orders they may issue."

Applying the same rule, Section 245 of the Code of Civil Procedure now in force, provides, with reference to the order for execution, that where the order is to be made effective against property of a judgment debtor it may be issued to the marshal of any district court in the Island.

According to the two legal provisions cited, the courts may act as to other offices or officers which are beyond their territorial jurisdiction with the same authority that they do over those within their respective districts, and since the clerk may issue a writ for the execution of the orders of the court to the marshal of the same district without an order so expressly providing, he may do so in the same manner and with the same authority in the case of the marshal of another district, as was the one in the case at bar.

The petitioner also alleges that the marshal had no authority to close the shop and to prevent the defendant from entering the same. We agree with the petitioner that ordinarily the marshal should not act in that manner because it is unnecessarily oppressive to the defendant but in the case at bar there are extraordinary circumstances that justify the measures taken. As appears from the brief for petitioner, among the attached property there are foundry

ovens and other machinery strongly attached to the building and which for that reason could not be easily withdrawn from the place. That fact, of course, does not deprive the plaintiff of the right which the law grants him to secure the effectiveness of the judgment, and in consequence, if the marshal was to fulfill the order of the court, as was his duty, he had no other way to fulfill it but to close the shop and to prevent the defendant from having access to the attached properties, because if he left them in his possession, the attachment would be inexistent. *Oronoz & Co.* v. *Alvarez,* 23 P.R.R. 497, and especially *Pérez* v. *Matos,* 48 P.R.R. 582.

Perhaps in the case at bar, if in fact there were within the shop objects of sufficient value to secure the amounts claimed which by the exercise of reasonable diligence could be withdrawn from the shop, closing the foundry under said circumstaces may have been unnecessarily oppressive to the defendant; but even so, once said circumstances had been proven, the defendant had the unquestionable right to release the attachment in the manner provided by law or to request from the court that the lien be reduced to a sufficient amount, and thus the issue would have been decided after taking into account the rights of both parties.

The fact that the shop was closed in no manner implies, as the petitioner alleges, that the building had been attached, since from the marshal's return it appears that what he attached was the stock and machinery of the business or industry. If the attached properties could have been withdrawn from the building, and if they had been in fact withdrawn, it would have been necessary to find another place to store them, assuredly through the payment of a reasonable rent for the use of the new storage place. The shop having been closed, the matter is reduced to a question of payment, chargeable to the proper party, of a reasonable amount for the use of the building. Even so, if the defendant wants to continue using his shop, nothing prevents him

from requesting the court to order that it be vacated and left at his disposal within the shortest time possible.

As to the authority of the court to issue its order of March 28 providing that the shop be closed, within the circumstances of this case, see by analogy *Colón* v. *District Court,* 41 P.R.R. 838.

■ As the order issued in this case was not rendered or executed without jurisdiction, no matter how erroneous or oppressive it might be, the defendant had no right to disobey it, and in consequence thereof, the lower court did not err in finding him guilty of contempt.

■ Finally, the mere fact that the defendant had requested the removal of the case to the district court of his domicile did not deprive the lower court of the authority granted to it by paragraph 4 of Section 7 of the Code of Civil Procedure, to enforce its judgments, orders, and resolutions.

In consequence thereof, the writ issued must be annulled and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

ON MOTION FOR REHEARING

July 8, 1941.

■ The petitioner requests that we reconsider our judgment of June 16 which quashed the writ of certiorari issued in this case. To uphold his motion, the petitioner avers that among the attached properties there are foundry ovens, machinery and other objects which he considers immovable property and that in consequence they could not be attached through the proceeding established for the attachment of movable properties as was done in the main suit.

From the record it does not appear clearly that the aforesaid properties are really immovable, nor how many of each kind there are in the shop. As appears from the return of

the writ of attachment, the marshal of the District Court of Mayagüez attached the following properties:

"Every right, title, interest or participation that the defendant may have in the foundry shop 'Simón Carlo' situated in Mayagüez, in Santiago Veve Street, with all the stock contained therein, closing the same, nailing down all the doors and windows with bars, in such a manner that to enter the building, the bars will have to be removed or broken."

It is at page 14 of the brief filed by the petitioner in support of his petition of certiorari, where for the first time it is stated that the ovens are attached to the building and form a part of the same, and in a brief memorandum of the intervener, filed after the hearing of the case, he specifies that the attached properties consist:

". . . of machines which are disassembled, machines which are screwed down or which are no permanently attached to the floor, blacksmith sledges, claw hammers, belts which are connected but may be taken down, soldering machines, hoisting machines, forges, pieces of iron and iron ingots of large size and great weight, and many other movable effects, all of which constitute the Simón Carlo foundry shop. The removal of those objects, or their disassembling, was costly, it did not cause any benefit to the plaintiff and on the contrary might have caused damage to the defendant Simón Carlo, which was not the purpose or object of the plaintiff."

In support of his motion for rehearing, the petitioner offered an affidavit tending to maintain among other things that the machinery, ovens, etc., are permanently attached to the floor and form a part of the building and that the building with all of said accessions has been mortgaged in favor of the holder of various mortgage notes for the amount of $6,000.

Said evidence is improper within a certiorari proceeding and of course we cannot consider it to the purpose of the motion at bar.

Under these circumstances, this Court is in no condition to decide within the certiorari proceeding what is in truth

the nature of the properties which have been attached in this case through the proceeding established for the attachment of movable property. It seems logical that the petitioner should apply to the lower court if he wishes to attack the validity of the attachment or that it be reduced to an amount which may reasonably secure the sums claimed in the complaint.

In consequence, the rehearing requested will be denied.